**UNITED STATES of America, Appellee,**

v.

**Charles W. ATWELL, George H. Geissel, Milford J. White, Appellants.**

**Nos. 81–1743 to 81–1745.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 1982.

Decided July 12, 1982.

Rehearing Denied Sept. 10, 1982.

Daniel F. Cook, Asst. Federal Public Defender, San Jose, Cal., for appellants.

Gregory Ward, Asst. U.S. Atty., San Jose, Cal., for appellee.

**594**

Before KILKENNY and HUG, Circuit Judges, and BROWN,* District Judge.

KILKENNY, Circuit Judge:

## FACTS

Appellants, who are Navy personnel, were charged by citation with driving under the influence of alcohol, in violation of the Assimilative Crimes Act, 18 U.S.C. § 13 (assimilating California Vehicle Code § 23102(a)). They sought dismissal on the ground that since the Uniform Code of Military Justice, 10 U.S.C. § 801 *et seq.*, is applicable to them and contains a prohibition against drunk driving, they could not be prosecuted under the Assimilative Crimes Act. A magistrate granted appellants' motion to dismiss. The government appealed to the district court pursuant to Rule 7(a) of the Rules of Procedure for the Trial of Minor Offenses before United States Magistrates. The district court reversed the dismissal and denied a motion for reconsideration. This appeal followed.

## JURISDICTION

It is clear that this court does not have jurisdiction over this appeal. There has been no "final decision" for purposes of 28 U.S.C. § 1291.

This case involves the denial of a motion to dismiss for lack of subject matter jurisdiction. We have recently held that such an action is not appealable before trial. *United States v. Layton*, 645 F.2d 681, 683 (CA9 1981), *cert. denied*, 452 U.S. 972, 101 S.Ct. 3128, 69 L.Ed.2d 984.

The appellants argue that the procedural context of the case generates a "final decision." They point out that they appeal from the judgment of a district court sitting as an appellate court. This argument exhorts form over substance. If the appellants' motion had been heard originally in the district court rather than before the magistrate, there could have been no appeal. *Layton*, at 683. There is no reason why the result should differ where the motion is granted by a magistrate, but is subsequently reversed by the district court. In both instances the result is exactly the same—the denial of a pretrial motion to dismiss for lack of subject matter jurisdiction.

This conclusion is consistent with our recent holding in *United States v. Dior*, 671 F.2d 351 (CA9 1982). There, we held that an order granting a new trial after a jury verdict of guilty was not appealable prior to retrial. Noting that the final decision rule applies in criminal as well as civil cases, we stated that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id.* at 354.

In the case now before this court, there has been no sentencing. In fact, the ultimate guilt or innocence of the appellants has yet to be determined. Our conclusion that there has been no "final decision" for purposes of 28 U.S.C. § 1291 is inescapable.

## CONCLUSION

The appeal is dismissed. This court is without jurisdiction.