The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Edwin A. QUINATA, Defendant-Appellant.

No. 82–1427.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 25, 1983.

Decided April 26, 1983.

David Mair, Agana, Guam, for defendant-appellant.

Leslie Weatherhead, Agana, Guam, for plaintiff-appellee.

Before ELY and KENNEDY, Circuit Judges, and NIELSEN,* District Judge.

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

KENNEDY, Circuit Judge:

This case concerns whether the Juvenile Court of Guam has jurisdiction when criminal charges are filed after a defendant's eighteenth birthday, alleging crimes committed before he reached that age. For reasons set forth below, we hold the appellate division of the Guam District Court was correct in concluding that the juvenile court has jurisdiction in the case described. Before stating the reasons for our conclusion, we find it necessary to discuss also whether the appellate division ruling, which reversed the juvenile court's order of dismissal and directed it to proceed in the case, is reviewable here.

Appellant, Edwin A. Quinata, has been charged with participating in a fatal assault. The crime allegedly occurred on November 18, 1980; Quinata turned eighteen years old on November 19, 1980; he was arraigned and charged on November 20, 1980. The Government filed the November 20 charges in the Superior Court of Guam, but Quinata challenged that court's jurisdiction and the Government dismissed the case, refiling in the juvenile court. The juvenile court ruled that it lacked jurisdiction and dismissed. The Government appealed to the Appellate Division of the District Court of Guam and the appellate division reversed, finding that the relevant Guam statutes do confer jurisdiction on the juvenile court. Quinata has appealed to this court pursuant to 28 U.S.C. § 1291.

We first determine our jurisdiction to hear Quinata's appeal. A question arises concerning the finality requirement for appellate jurisdiction, for it follows from the appellate division's holding that Quinata's case will now be tried by the juvenile court. In this respect, lower court proceedings have not been completed.

▪ Although our jurisdiction is based upon 28 U.S.C. § 1291, we have held that for the purpose of determining finality of appellate division decisions we apply a standard "analogous to the standard applied by the United States Supreme Court to test the finality of state court judgments pursuant to 28 U.S.C. § 1257." *Guam v. Kings-*

*bury,* 649 F.2d 740, 742 (9th Cir.1981). The analogy that the *Kingsbury* court drew between our review of Guam appellate division decisions and Supreme Court review of state court decisions is imprecise. The federal balance requires special rules to prevent Supreme Court review from becoming entangled in state law matters, and no such intent is present in our review of Guam cases, as we have jurisdiction to decide Guam local law questions. *See generally,* 649 F.2d at 744–48 (Poole, J., dissenting). Nevertheless, we follow *Kingsbury* as the law of the circuit.

Turning now to application of § 1257 standards in this case, we note that the Supreme Court has described four categories of cases in which the standards for finality under § 1257 have departed from the rigid requirements of finality for federal appellate jurisdiction. *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 476–87, 95 S.Ct. 1029, 1036–42, 43 L.Ed.2d 328 (1975). The fourth such category is the one most apposite here. Under its terms, an appeal may be heard if (a) the federal issue has been decided finally by the state court, (b) the party seeking review may prevail on nonfederal grounds, foreclosing later review on the federal issue, (c) reversal on the federal issue would be preclusive of any further litigation, and (d) a refusal immediately to review the state court decision might seriously erode federal policy. 420 U.S. at 482–83, 95 S.Ct. at 1039–40.

The issue of the juvenile court's jurisdiction has been decided by the appellate division. If we decline review and trial proceeds in the juvenile court, Quinata could prevail on other grounds, foreclosing our determination of the jurisdiction question. We also must recognize an important federal interest in the prompt and definitive resolution of significant issues of Guam law. Unlike their position with respect to established state court systems, the federal courts play an integral role in the development of Guam law.

▪ We are mindful that "in criminal cases, as in civil cases, there has been a firm

congressional policy against interlocutory or 'piecemeal' appeals" and "[a]dherence to [the] rule of finality has been particularly stringent in criminal prosecutions because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.'" *Abney v. United States,* 431 U.S. 651, 656–57, 97 S.Ct. 2034, 2038–39, 52 L.Ed.2d 651 (1977) (citation omitted). We also note that under the standard of finality of 28 U.S.C. § 1291, an unsuccessful challenge to the trial court's subject matter jurisdiction in a criminal case is not appealable before trial. *United States v. Layton,* 645 F.2d 681 (9th Cir.), *cert. denied,* 452 U.S. 972, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981); *see also United States v. Atwell,* 681 F.2d 593 (9th Cir.1982) (district court's reversal of magistrate's dismissal for lack of jurisdiction not appealable under 28 U.S.C. § 1291).

■ Nevertheless, we believe these concerns are outweighed by the importance of our addressing the matter at hand, especially since the trial court dismissed the case and our review of the appellate division entails no new interruption of trial court proceedings. It is proper, therefore, for us now to review the judgment of the appellate division.

On the merits of his appeal, Quinata asserts that Guam Civ.Proc.Code §§ 251–252 is controlling, or alternatively, that the juvenile court's jurisdiction is not sufficiently express. The Government, on the other hand, argues that the controlling statute is Guam Crim. and Corr.Code § 7.10. The statutes provide:

Guam Civ.Proc.Code §§ 251–252.

§ 251. Definitions. When used in this Title, unless the context otherwise requires:

. . . . .

(c) "Child" or "Minor" means a person less than eighteen (18) years of age.
(d) "Adult" means a person eighteen (18) years of age or older.

§ 252. Jurisdiction. Except as otherwise provided herein, and subject to the prior jurisdiction of a United States Court, the court shall have exclusive jurisdiction in proceedings.

(a) Concerning any child living or found within the Territory of Guam:

. . . . .

(4) Who is alleged to have violated or attempted to violate any Federal, state or territorial law regardless of where the violation occurred. Provided, that the Juvenile Court shall not have jurisdiction with respect to any child sixteen (16) years of age or older who is alleged to have committed any offense under the Vehicle Code.

Guam Crim. and Corr.Code § 7.10.

§ 7.10. No person may be tried for or convicted of an offense if:

(a) his age at the time of the conduct charged as an offense places him within the exclusive jurisdiction of the juvenile court.

The two statutes point in different directions respecting the jurisdictional point. Under the provisions of Civ.Proc.Code §§ 251–252, standing alone, the relevant time to ascertain an accused's age for the purpose of determining trial court jurisdiction has been interpreted to be the time proceedings are commenced. *See Guam v. Lefever,* Crim.Case No. 25–69 (D.Guam Aug. 25, 1971) (hearing on motion), *appeal dismissed,* 454 F.2d 270 (9th Cir.1972). Conversely, the clear import of Crim. and Corr. Code § 7.10, based on Model Penal Code § 4.10, is that jurisdiction turns on the time the alleged crime took place.

■ In ascertaining the effect of the two statutes taken together, we first note the general rules that we must read possibly conflicting statutes "to give effect to each if we can do so while preserving their sense and purpose" and that "repeals by implication are not favored." *Watt v. Alaska,* 451 U.S. 259, 266–67, 101 S.Ct. 1673, 1677–78, 68 L.Ed.2d 80 (1981); *see also Morton v. Mancari,* 417 U.S. 535, 549, 551, 94 S.Ct. 2474, 2482, 2483, 41 L.Ed.2d 290 (1974).

Thus we can sustain the appellate division in finding that § 7.10, the later statute, impliedly repealed §§ 251–252 to the extent of any inconsistency only if we find no rational interpretation to reconcile the two statutes. Here we find no permissible interpretation to reconcile the statutes, particularly since it is apparent that the Guam legislature must have taken the *Lefever* case at face value and sought to overcome it by enacting § 7.10. We agree with the appellate division that § 7.10 effected an implied repeal of the earlier statute to the extent it was construed to strip the juvenile court of jurisdiction when a defendant became eighteen.

First, to interpret § 7.10 to mean that the superior court has no jurisdiction when the juvenile court has exclusive jurisdiction would be to reduce the section to a truism, would render its passage a legislative act of doubtful necessity, and would not resolve the case in any event. Second, to interpret the statutes to mean that neither court has jurisdiction would be to impute to the Guam legislature a peculiarly strange and unlikely intent. Finally, to read the statutes to mean that both courts have jurisdiction would contradict the express language of § 7.10 and would be inconsistent with the probable intent of the legislature to make special provisions for young offenders.

■ Where two statutes are in irreconcilable conflict, "the later act to the extent of the conflict constitutes an implied repeal of the earlier act." *Posadas v. National City Bank*, 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936). Since we find the two statutes here in irreconcilable conflict, we hold that Guam Crim. and Corr.Code § 7.10, as the later enactment, impliedly repealed Guam Civ.Proc.Code §§ 251–252 to the extent of any inconsistency. Thus, Quinata's argument that §§ 251–252 are controlling has no merit. Where a crime is allegedly committed before the defendant's eighteenth birthday, the juvenile court has jurisdiction regardless of the date the charges are filed.

Quinata's argument that the juvenile court's jurisdiction is not express enough for a court of limited jurisdiction is also unavailing. Even though part of §§ 251–252 was impliedly repealed, the balance of those sections, read in conjunction with § 7.10, is sufficiently express to confer jurisdiction.

Finding no merit in either of Quinata's arguments, we conclude that the decision of the appellate division should be affirmed.

AFFIRMED.