The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Joseph C. MAFNAS, Defendant-Appellant.

No. 83–1139.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 1983.

Decided Dec. 8, 1983.

Philip H. Jacobsen, Atty. Gen. of Guam, Agana, Guam, for plaintiff-appellee.

Howard G. Trapp, Agana, Guam, for defendant-appellant.

Before SNEED and ANDERSON, Circuit Judges, and FONG *, District Judge.

FONG, District Judge:

This case is an appeal of a decision of the Appellate Division of the United States District Court of Guam, sitting as the court of appellate jurisdiction over the local courts of Guam.

The appellant presents two issues for our review:

1) Whether the District Court's reversal of the trial court's suppression order is a final order appealable under 28 U.S.C. § 1291;

2) Whether the District Court correctly held that the defendant, Joseph Mafnas, waived his right to counsel after invoking it.

At about 1 p.m. on October 24, 1980, Guam police officer J.M. Cruz went to the home of the parents of Joseph Mafnas to investigate the murder of Antonio Diaz. Cruz told Mafnas that he was not under arrest and asked if he would accompany him to the local police station for questioning. Mafnas agreed to go to the station in the officer's patrol car.

When Mafnas arrived at the station, police officers advised him of his constitutional rights at least three times, twice in English and once in Chamorro. At about 1:50 p.m., Mafnas signed a waiver of rights. For the next several hours, police officers questioned Mafnas in a small interrogation room. During this period, Mafnas was allowed to visit with members of his family.

At approximately 9:15 p.m., Mafnas orally admitted that he had shot Diaz and left the body in a coral pit. After this oral admission and before this confession was reduced to writing, Mafnas asked for an attorney. One of the two officers in the room with Mafnas pointed to a telephone and a telephone directory and advised Mafnas that he could call an attorney. After a few minutes had passed, during which the officers remained silent, Mafnas stated that he had decided to make the confession first and to call an attorney later. Mafnas then drew a map indicating the location of the body and made a written confession. Police officers went to the site identified on the map, and with Mafnas' assistance, found Diaz' body.

Mafnas was arrested for murder and indicted. At a pretrial suppression hearing, the Guam Superior Court ruled that the written confession, the map and the resulting discovery of the body must be suppressed as the products of an unlawful interrogation. The Appellate Division of the District Court of Guam reversed on the grounds that Mafnas had waived his right to counsel, and remanded the case for trial.

---

* The Honorable Harold M. Fong, United States District Judge for the District of Hawaii, sitting by designation.

Mafnas filed an appeal, premised on this court's jurisdiction under 28 U.S.C. § 1291 to hear "final orders" entered by a United States District Court.

The appellant contends that the Court of Appeals has appellate jurisdiction to entertain this appeal pursuant to 28 U.S.C. § 1291 which confers appellate jurisdiction on the court of appeals to review "final decisions" of the District Court of Guam. It is well established that, under Section 1291, this Court has appellate jurisdiction over final judgments of the District Court of Guam sitting in its capacity as an appellate court for the local courts of Guam. *Guam v. Kingsbury,* 649 F.2d 740 (9th Cir. 1981); *Corn v. Guam Coral Co.,* 318 F.2d 622 (9th Cir.1963). The question to be addressed is whether this decision of the District Court of Guam can be considered "final."

■ As a general rule, an order by a district court denying or granting a motion to suppress is not an appealable final order under Section 1291. Such an order is "but a step in the criminal case preliminary to a trial thereof," and is thus interlocutory. *DiBella v. United States,* 369 U.S. 121, 122, 131, 82 S.Ct. 654, 655, 660, 7 L.Ed.2d 614 (1962); *Cogen v. United States,* 278 U.S. 221, 227, 49 S.Ct. 118, 120, 73 L.Ed. 275 (1928).

■ In this case, however, we must also consider the fact that the District Court of Guam was sitting in its capacity as the appellate court for the local courts of Guam. The appellant correctly argues that, although our jurisdiction over an appeal from the District Court of Guam is based on 28 U.S.C. § 1291, this court must apply a standard analogous to that applied by the United States Supreme Court under 28 U.S.C. § 1257 in determining the finality of decisions of the Appellate Division of the District Court of Guam. *Guam v. Quinata,* 704 F.2d 1085, 1086 (9th Cir.1983); *Guam v. Kingsbury,* 649 F.2d 740, 742 (9th Cir.1980).

Under Section 1257, the United States Supreme Court may review final judgments or decrees of the highest state courts where such decisions present controlling federal questions. In general, the final judgment rule for purposes of section 1257 precludes review "where anything further remains to be determined by a state court, no matter how disassociated from the only federal issue that has finally been adjudicated by the highest court of the state." *Flynt v. Ohio,* 451 U.S. 619, 620, 101 S.Ct. 1958, 1959, 68 L.Ed.2d 489 (1981). In *Flynt,* the Supreme Court noted that in the context of a state criminal prosecution, finality is normally defined by the imposition of sentence. *Id.* at 620, 101 S.Ct. at 1959. *See also, Whitus v. Georgia,* 385 U.S. 545, 547, 87 S.Ct. 643, 645, 17 L.Ed.2d 599 (1967) (interlocutory appeal of issue of composition of grand jury dismissed for lack of finality).

The United States Supreme Court has stated that under limited circumstances, it will consider a state court judgment to be "final" under section 1257, although there are further proceedings pending in state court. This policy was articulated by the Court in *Cox Broadcasting v. Cohn,* 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975). The appellant argues that we must consider whether this case falls under one of the four categories of "final orders" recognized in *Cox Broadcasting.*[1]

---

1. The *Cox Broadcasting* decision described the four categories as follows:

    In the first category are those cases in which there are further proceedings—even entire trials—yet to occur in the state courts but where for one reason or another the federal issue is conclusive of the outcome of further proceedings preordained. In these circumstances, because the case is for all practical purposes concluded, the judgment of the state court on the federal issue is deemed final....

    Second, there are cases ... in which the federal issue, finally decided by the highest court in the State, will survive and require decision regardless of the outcome of future state-court proceedings....

    In the third category are those situations where the federal claim has been finally decided, with further proceedings on the merits in the state courts to come, but in which later review of the federal issue cannot be had, whatever the ultimate outcome of the case. Thus, in these cases, if the party seeking interim review ultimately prevails on the

Specifically, appellant argues that the first *Cox* category applies in this case, that being "cases in which there are further proceedings—even entire trials—yet to occur in the state courts but where for one reason or another the federal issue is conclusive of the outcome of further proceedings preordained." *Id.* at 479, 95 S.Ct. at 1038. The *Cox Broadcasting* decision explains that this category applies to cases where the state proceedings "have little substance, their outcome is certain, or they are wholly unrelated to the federal question." *Id.* at 478, 95 S.Ct. at 1038.

Appellant argues that if his confession is not suppressed, his conviction in the Guam trial court is "preordained" within the meaning of the first *Cox Broadcasting* exception. He relies on *Mills v. Alabama,* 384 U.S. 214, 86 S.Ct. 1434, 16 L.Ed.2d 484 (1966), a case cited by *Cox Broadcasting* as an illustration of a case falling under the first exception. In *Mills,* the defendant was a newspaper editor charged with printing an editorial on election day in violation of state statute. The defendant's sole defense in the *Mills* case was that the state statute was unconstitutional. He conceded that he had violated the statute by publishing an editorial on election day. The Alabama Supreme Court upheld the constitutionality of the statute. The Supreme Court took the appeal because it concluded that the trial "would be no more than a few formal gestures leading inexorably toward conviction." The Supreme Court further noted that to allow a conviction and subsequent appeal "would also result in a completely unnecessary waste of time and energy in judicial systems already troubled by delays

due to congested dockets." *Mills* at 217–18, 86 S.Ct. at 1436.

The *Mills* case is distinguishable from the facts before us. Mafnas' ultimate conviction cannot be considered to be "preordained" in the sense contemplated by the first *Cox Broadcasting* exception. Here, unlike the facts in *Mills,* the defendant has not conceded, at least for purposes of trial, that he committed the offense charged. Thus, the defendant must be afforded the presumption of innocence. It would be inappropriate for this court to conclude at this juncture that his trial will be nothing more than "a few formal gestures" and that conviction is a foregone conclusion. Many issues of fact remain to be tried, including, *inter alia,* the voluntariness of the appellant's statement, which may still result in an acquittal.

Further, in contrast to *Mills,* this court cannot conclude that any saving of judicial time and resources will result from the Court of Appeals taking jurisdiction over interlocutory appeals of suppression orders. Unlike the constitutionality issue decided by the Supreme Court in *Mills,* a decision in favor of the defendant on the pretrial suppression of evidence does not preclude further litigation. In many cases, the prosecution has sufficient evidence to proceed with the case, even if a confession or other evidence is suppressed by the court. At the ensuing trial, many issues of federal law could arise which would later have to be decided by the appellate courts. Thus, to take jurisdiction over an appeal of this decision of the appellate division of the District Court of Guam would circumvent the federal policy against "piecemeal review" under Section 1257. *See Flynt v. Ohio,* 451 U.S.

merits, the federal issue will be mooted; if he were to lose on the merits, however, the governing state law would not permit him again to present his federal claims for review....

Lastly, there are those situations where the federal issue has been finally decided in the state courts with further proceedings pending in which the party seeking review here might prevail on the merits on nonfederal grounds, thus rendering unnecessary review of the federal issue by this Court, and where reversal of the state court on the federal issue

would be preclusive of any further litigation on the relevant cause of action rather than merely controlling the nature and character of, or determining the admissibility of evidence, the state proceedings still to come. In these circumstances, if a refusal immediately to review the state court decision might seriously erode federal policy, the Court has entertained and decided the federal issue, which itself has been finally determined by the state courts for purposes of the state litigation....
420 U.S. at 479–483, 95 S.Ct. at 1038–1040.

619, 621, 101 S.Ct. 1958, 1960, 68 L.Ed.2d 489 (1981); *Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 71–72, 68 S.Ct. 972, 978–979, 92 L.Ed. 1212 (1948).

Appellant also argues that this Court's reasoning in *Guam v. Quinata,* 704 F.2d 1085 (9th Cir.1983), supports his argument that we have jurisdiction over this appeal. In *Quinata,* the defendant was charged in juvenile court with the commission of a fatal assault. Charges were filed in juvenile court after Quinata's eighteenth birthday. The juvenile court dismissed for lack of subject matter jurisdiction, because of the defendant's age at the time the indictment was filed. The Appellate Division of the District Court of Guam reversed, and remanded the case for trial. The defendant appealed the issue of subject matter jurisdiction to this court. The *Quinata* court held that it had jurisdiction to hear the interlocutory appeal.

The *Quinata* case does not support the appellant's position, however. In *Quinata,* this court held that the facts of the case warranted jurisdiction over the interlocutory appeal on the basis of the fourth *Cox Broadcasting* exception. Thus, the *Quinata* court stated:

> The issue of the juvenile court's jurisdiction has been decided by the appellate division. If we decline review and trial proceeds in the juvenile court, Quinata could prevail on other grounds, foreclosing our determination of the jurisdiction question. We must also recognize an important federal interest in the prompt and definitive resolution of significant issues of Guam law....

704 F.2d at 1086.

Here, appellant is not arguing that his case warrants review under the fourth *Cox Broadcasting* exception. Indeed, to argue that the issues raised on this appeal could be mooted if he prevailed on other grounds would contradict the appellant's argument that his conviction is "preordained." Therefore, this court's rationale for taking jurisdiction of the appeal in *Quinata* provides no support for jurisdiction where the appellant is seeking review under the *first Cox Broadcasting* exception. Even if appellant were arguing that the fourth *Cox Broadcasting* exception applied in this case, we would conclude that the issues presented by this interlocutory appeal do not rise the level of "significant issues of Guam law." Thus, there would be no "serious erosion" of the federal interest in resolution of such issues if we declined to accept jurisdiction under the fourth *Cox Broadcasting* exception.

For the reasons stated above, we find that the District Court's reversal of a suppression order is not a final order appealable under 28 U.S.C. § 1291. We therefore dismiss this appeal for lack of jurisdiction without reaching the merits of the waiver issue.

The appeal is therefore DISMISSED.