The PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Pedro A.E. MANIBUSAN, Juan P. Ignacio, Frank B. Bamba, Defendants-Appellants.

Nos. 83–1120 to 83–1122.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 1984.

Decided April 6, 1984.

---

Marilyn Clothier, Agana, Guam, for defendants-appellants.

Howard Trapp, Stephen A. Cronin, F. Randall Cunliffe, Agana, Guam, for plaintiff-appellee.

Before ANDERSON, SKOPIL and FERGUSON, Circuit Judges.

SKOPIL, Circuit Judge:

Defendants appeal the decision of the Appellate Division of the Guam District Court reinstating an indictment dismissed by the Superior Court of Guam. Defendants argue that the indictment is insufficient in several respects and that the insufficiencies cannot be cured by amendment. We are unable to reach these issues, however, because the district court's decision is not an appealable, final order. Accordingly, we dismiss the appeal.

## FACTS AND PROCEEDINGS BELOW

Former Guam police officers were indicted for conspiracy and theft stemming from an alleged misuse of police monies and equipment. The officers were accused of conspiring to commit theft by engaging in various overt acts commencing December 1, 1976 and ending December 15, 1978. The indictment lists forty-nine overt acts, the last occurring on October 31, 1977. The officers were charged under the Guam Criminal and Correction Code which became effective January 1, 1978, replacing the former "Penal Code."

Following various pretrial motions and a mistrial of two of the defendants, all defendants filed or joined a motion to dismiss the indictment. The Superior Court of Guam granted the motion on the grounds that "the defendants were not charged under the appropriate criminal statute then in effect at the time of the alleged conspiracy and theft."

The Appellate Division of the District Court of Guam reversed. It rejected defendants' argument that since the last overt act occurred in October 1977 the crime of conspiracy was complete prior to the effective date of the new Criminal Code. The court also rejected defendants' argument that the theft charge was insufficient. It reasoned this was a matter of proof at trial, and if no thefts were proved the lower court could rule the evidence insufficient to support conviction. The indictment was reinstated and the case remanded for trial.

## DISCUSSION

We are obligated to determine a basis for our jurisdiction. *In re Exennium, Inc.*, 715 F.2d 1401, 1402 (9th Cir.1983). 28 U.S.C. § 1291 provides appellate jurisdiction for "final decisions of the district court . . . ." A final order for purposes of section 1291 "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), *quoting Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). In a criminal case the rule generally prohibits appellate review until conviction and imposition of sentence. *Flanagan v. United States*, —— U.S. ——, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984).

 The district court's rejection of a pretrial attack on the sufficiency of an indictment is not appealable as a final order. *Abney v. United States*, 431 U.S. 651, 663, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977). The district court's action is reviewable only if and when the defendant is

convicted and sentenced. *Guam v. Lefever,* 454 F.2d 270, 271 (9th Cir.1972).

Although our jurisdiction is based upon section 1291, we apply a special standard to determine the finality of appellate division decisions. In *Guam v. Kingsbury,* 649 F.2d 740, 742 (9th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 210 (1981) we recognized the unique appellate nature of the Guam district court and found the finality standard analogous to the standard applied by the Supreme Court to test the finality of state court judgments pursuant to 28 U.S.C. § 1257. While we later opined that the analogy was "imprecise," *Guam v. Quinata,* 704 F.2d 1085, 1086 (9th Cir.1983), the standard is nevertheless the law of the circuit.

Under section 1257, the Supreme Court may review decisions of the highest state courts where such decisions present controlling federal questions. When the state court remands for further proceedings, its decision is not final "as an effective determination of the litigation." *O'Dell v. Espinoza,* 456 U.S. 430, 430, 102 S.Ct. 1865, 1866, 72 L.Ed.2d 237 (1982) (citation omitted). This final judgment rule precludes review "where anything further remains to be determined by a State court, no matter how dissociated from the only federal issue that has finally been adjudicated by the highest Court of the State." *Flynt v. Ohio,* 451 U.S. 619, 620, 101 S.Ct. 1958, 1959, 68 L.Ed.2d 489 (1981).

This standard would end our inquiry but for limited exceptions to the finality rule. In *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 477–85, 95 S.Ct. 1029, 1037–41, 43 L.Ed.2d 328 (1975), the Court described four categories of cases in which finality may be assumed for purposes of section 1257 even though there are further proceedings in state court. Only the fourth such category is arguably applicable here. Under its terms, the appeal can be heard if (a) the federal issue has been completely decided by the state court, (b) the remaining state proceedings may be decided on non-federal grounds, foreclosing later review of the federal issue; (c) reversal on appeal of the federal issue would terminate the controversy; and (d) failure to review the state court decision might seriously erode federal policy. *Cox Broadcasting,* 420 U.S. at 482–83, 95 S.Ct. at 1039–40.

The first three elements are satisfied. The issue of the sufficiency of the indictment has been decided by the appellate division. The defendants may prevail at trial and thus foreclose later review. Review now might result in reversal which would terminate the controversy at least as to this indictment. We do not find, however, that the fourth element is met. While there is obviously "an important federal interest in the prompt and definitive resolution of significant issues of Guam law," *Quinata,* 704 F.2d at 1086, we cannot say that postponement of our review of the issues here would seriously erode federal policy. We cannot deem the denial of a motion to dismiss an indictment on sufficiency grounds to be a "significant issue of Guam law."

In this respect, this case is distinguishable from *Quinata.* There, the defendant was charged in juvenile court after the defendant's eighteenth birthday. The juvenile court dismissed for lack of subject matter jurisdiction and the appellate division of the district court reversed and remanded for trial. We held that we had jurisdiction to hear the interlocutory appeal under the fourth *Cox Broadcasting* exception because *inter alia,* of the importance of the issue and our "integral role in the development of Guam law." *Quinata,* 704 F.2d at 1086–87. The circumstances here compel a different result. The "firm congressional policy against interlocutory or 'piecemeal' appeals" in criminal prosecutions, *Abney,* 431 U.S. at 656, 97 S.Ct. at 2038, outweighs the interests achieved by granting review of the pretrial motions here. *See Guam v. Mafnas,* 721 F.2d 683, 685 (9th Cir.1983) (Guam district court's reversal of a suppression order is not a final appealable order). Accordingly, we

are without jurisdiction to review the appellate division District Court's decision.

APPEAL DISMISSED.