Melvin **KIAAINA** and Lorelei Kiaaina, husband and wife; and Nadine Nomura, Plaintiffs–Appellees,

v.

Alfred **JACKSON**, Defendant,

and

Chung Kuo Insurance Company, Defendant–Appellant.

No. 87–1547.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 1987 *.

Decided July 8, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

William J. Blair, Klemm, Blair, Sterling & Johnson, Agana, Guam, for defendant-appellant.

Jose Leon Guerrero, Agana, Guam, for plaintiffs-appellees.

Before BROWNING, WRIGHT and LEAVY, Circuit Judges.

PER CURIAM:

Plaintiffs instituted this action against defendants after they were injured in an automobile accident involving an automobile owned by defendant Jackson, insured by Chung Kuo Insurance Co., and operated by Felix Taitague.[1] Relying on a term of the insurance policy issued to Jackson, Chung Kuo denied coverage because Taitague was an unlicensed driver at the time of the accident.[2]

---

1. Defendant Taitague did not answer the complaint and a default judgment was entered against him. He is not a party to this appeal.

2. The policy excluded coverage, "While the Automobile is being operated by the insured or

Defendant Chung Kuo moved for summary judgment based on the provision in defendant Jackson's policy excluding coverage for unlicensed drivers. The Superior Court of Guam granted the motion. Plaintiffs appealed to the Appellate Division for the District Court of Guam. The Appellate Division reversed, holding that if the owner of the vehicle did not know the operator was unlicensed, the unlicensed driver exclusion would violate Guam public policy embodied in its financial responsibility law and would be invalid. The court remanded the case for a determination of whether Jackson knew Taitague was unlicensed. Chung Kuo timely appealed.

■ Our jurisdiction extends to "all final decisions of the appellate division of the district court" of Guam. 48 U.S.C. § 1424–3(c). For the purposes of determining when a decision of the appellate division is final we borrow "the standard applied by the United States Supreme Court to test the finality of state court judgments pursuant to 28 U.S.C. § 1257."[3] *Guam v. Kingsbury*, 649 F.2d 740, 742 (9th Cir. 1981). Following *Kingsbury*, we must determine whether the Supreme Court would review the present case if it were a judgment from a state court.

The appellate division has finally determined the validity of the unlicensed driver exclusion, but remanded for further proceedings on a separate and potentially dispositive question. The Supreme Court will generally not review federal issues decided in state court cases when further state proceedings are contemplated. *See Flynt v. Ohio*, 451 U.S. 619, 620, 101 S.Ct. 1958, 1959, 68 L.Ed.2d 489 (1981) (per curiam); *Market St. Ry. Co. v. Railroad Comm'n*, 324 U.S. 548, 551, 65 S.Ct. 770, 772, 89 L.Ed. 1171 (1945); 12 *Moore's Federal Practice* ¶ 508.01[4] (1982).

There are four exceptions. The Court will review federal issues in state court cases even though further proceedings are pending when: (1) the federal issue is conclusive or the outcome is preordained; (2) the federal issue will survive the further proceedings and require adjudication; (3) the federal issue has been fully decided and review after remand might be precluded; (4) the federal issue has been fully decided and the case might be decided on nonfederal grounds below, but determination of the federal issue would immediately resolve the case and delaying review would erode federal policy. *See Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 479–83, 95 S.Ct. 1029, 1038, 43 L.Ed.2d 328 (1975).

The analogy this court drew to *Cox* in *Kingsbury* is imperfect. *See Guam v. Manibusan*, 729 F.2d 1236, 1238 (9th Cir. 1984); *Guam v. Quinata*, 704 F.2d 1085, 1086 (9th Cir.1983); *Kingsbury*, 649 F.2d at 747–48 (Poole, J., dissenting). The *Cox* doctrine rests upon concerns for judicial efficiency, federalism and comity. These concerns are only minimally relevant in our review of the Appellate Division of the District Court of Guam since we review local law questions as well as questions of federal law. For purposes of the *Cox* analysis, in such appeals all issues are federal. Accordingly, the first two *Cox* exceptions have little relevance in determining the finality of decisions of the Guam Appellate Division. *See Guam v. Mafnas*, 721 F.2d 683, 684–85 (9th Cir.1983) (discussing first *Cox* exception).

The third *Cox* exception—where future review might be precluded after remand—may apply. *See Kingsbury*, 649 F.2d at 742–43.[4] Because we have jurisdiction over both issues of federal and Guam law, review after remand will be precluded only rarely. *See Pennsylvania v. Ritchie*, 488 U.S. 39, 107 S.Ct. 989, 996–97, 94 L.Ed.2d

any person who does not hold a valid driver's license."

3. 28 U.S.C. § 1257 limits the Supreme Court's review of state court judgments to "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had...."

4. For example, if a district court suppresses evidence and the defendant is then acquitted,

the Double Jeopardy Clause would prevent the government from appealing the suppression order. The Supreme Court, therefore, reviews orders suppressing evidence even though the trial is still pending. *See New York v. Quarles*, 467 U.S. 649, 651 n. 1, 104 S.Ct. 2626, 2629 n. 1, 81 L.Ed.2d 550 (1984).

40 (1987) (discussing the third *Cox* exception).

The fourth *Cox* exception relies on the nature and importance of the federal issue, specifically whether the "state-court decision might seriously erode federal policy." *Cox*, 420 U.S. at 483, 95 S.Ct. at 1040; *see also* R. Stern, E. Gressman & S. Shapiro, *Supreme Court Practice* § 3.8, at 124 (1986). We have also asserted jurisdiction over a decision of the Appellate Division under the fourth exception in part based on the "important federal interest in the prompt and definitive resolution of significant issues of Guam law," *Quinata*, 704 F.2d at 1086 (criminal jurisdiction over minor); *cf. Manibusan*, 729 F.2d at 1238 (denial of motion to dismiss insufficiently significant).

 In sum, this court will review decisions from the Appellate Division of the district court of Guam when further proceedings are pending only if policy issues involved are of such importance as to demand immediate review, or declining to entertain the appeal would preclude future review.[5] Neither condition is satisfied in this case.

Although we acknowledge the importance of "prompt ... resolution of significant issues of Guam law," *Quinata*, 704 F.2d at 1086, a policy based merely on an interest in prompt resolution would effectively eliminate the finality requirement in the review of judgments from the Appellate Division, contrary to the express terms of the statute. The proper focus is not on the need for prompt resolution but upon the significance of the issue. *See Manibusan*, 729 F.2d at 1238.

We do not regard the validity of unlicensed driver exclusion clauses to be of such importance as to command immediate review. Although such clauses may be quite prevalent, nothing suggests they are often at issue, nor that they present questions of national importance. In contrast, in *Cox* the Court was confronted with important First Amendment issues national in scope. *See also Southland Corp. v. Keating*, 465 U.S. 1, 7–8, 104 S.Ct. 852, 856–57, 79 L.Ed.2d 1 (1984) (delaying review would undercut central purpose of Federal Arbitration Act). Similarly in *Quinata* we reviewed a challenge to the jurisdiction of Guam's juvenile court, an issue of broad application and obvious importance in Guam.

Review here will also be available after remand. If defendant Chung Kuo loses, it can appeal the final judgment to the Appellate Division and, if unsuccessful, can obtain review of the Appellate Division's invalidation of the unlicensed driver exclusion in this court. *See Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363, 365 n. 1, 93 S.Ct. 647, 650 n. 1, 34 L.Ed.2d 2577 (1973); *Mercer v. Theriot*, 377 U.S. 152, 153–54, 84 S.Ct. 1157, 1158–59, 12 L.Ed.2d 206 (1964) (per curiam). The law of the case may preclude the Appellate Division from reevaluating its decision, but it cannot foreclose our review. *See, e.g., Urie v. Thompson*, 337 U.S. 163, 173 n. 12, 69 S.Ct. 1018, 1026 n. 12, 93 L.Ed. 1282 (1949); R. Stern, E. Gressman & S. Shapiro, *supra*, § 3.10, at 132.[6]

The proceedings on remand will not be without substance. *Compare Mills v. Alabama*, 384 U.S. 214, 217, 86 S.Ct. 1434, 1436, 16 L.Ed.2d 484 (1966) (outcome on remand certain) *with Guam v. Mafnas*, 721

---

**5.** Our test for the finality of judgments on review from the Appellate Division of Guam thus parallels the "practical finality" test applied by the Supreme Court in determining its appellate jurisdiction over federal cases. *See Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152–53, 85 S.Ct. 308, 310–11, 13 L.Ed.2d 199 (1964). The *Gillespie* test is applied sparingly to orders involving unsettled issues of national importance where immediate review would serve the purpose of judicial economy underlying the finality rule. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n. 30, 98 S.Ct. 2454, 2462 n. 30,

57 L.Ed.2d 351 (1978); *In re Subpoena*, 813 F.2d 1473, 1479–80 (9th Cir.1987).

**6.** If the plaintiff were to appeal after remand, the defendant could still gain review of the validity of the exclusion by filing a cross-appeal. In contrast, in *Quinata* the jurisdictional question may have been foreclosed from further review altogether. *See Quinata*, 704 F.2d at 1086. Here it will only be foreclosed if it becomes unnecessary.

F.2d 683, 686 (9th Cir.1983) (outcome not certain). To the contrary, the case could be resolved rendering review unnecessary. Alternatively, the remand may produce additional issues for appeal. Denying review at this time thus best preserves judicial resources and avoids piecemeal review.

Considering all relevant factors, we are satisfied "[t]he resolution of this [case] can await final judgment without any adverse effect" upon important federal or Guam interests. *Flynt v. Ohio,* 451 U.S. at 622, 101 S.Ct. at 1960; *Manibusan,* 729 F.2d at 1238.

Accordingly, the appeal is dismissed.

APPEAL DISMISSED.