**Peter Quenga MANLEY and Mariana Charfauros Manley, Plaintiffs–Appellees,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant–Appellant.**

No. 88–2874.

United States Court of Appeals, Ninth Circuit.

Argued as to Appellant Submitted on Briefs as to Appellees April 4, 1989.

Decided Aug. 22, 1989.

John A. Spade and David A. Mair, Mair, Mair, Hogan & Spade, Agana, Guam, for defendant-appellant.

William J. Blair, Klemm, Blair, Sterling & Johnson, Agana, Guam, for plaintiffs-appellees.

Before GOODWIN, Chief Judge, HUG and TANG, Circuit Judges.

HUG, Circuit Judge:

Fireman's Fund Insurance Company ("Fireman's Fund") appeals an order issued by the Appellate Division of the District Court of Guam reversing the Guam Superior Court's disqualification of the Manleys' counsel. Because we conclude that an order denying a motion to disqualify counsel is not an immediately appealable final order, we dismiss for lack of jurisdiction.

## I.

On September 27, 1985, an explosion occurred on the *Kadena de Amor*, a vessel moored in Apra Harbor, Guam. The explosion killed Steven Charfauros Manley and badly injured James Ignacio. Based upon this incident, Ignacio and his family filed suit in Guam Superior Court on April 8, 1986. The Ignacios' complaint named as defendants Esta Later Charters, Inc. ("Esta Later"), the owner of the *Kadena de Amor*, and Fireman's Fund, Esta Later's insurer. On March 31, 1987, the Ignacios amended their complaint to add the local agent of Fireman's Fund—Baldwin's Insurance ("Baldwin's")—as an additional defendant. Baldwin's is represented by the law firm of Carlsmith, Wichman, Case, Mukai & Ichiki ("Carlsmith"). In response to the charges levied against it by the Ignacios, Baldwin's filed an answer signed by Jean Melancon, a Carlsmith attorney.[1]

Steven Manley's estate filed a similar suit against Esta Later and Fireman's Fund on September 16, 1987. For pur-poses of this litigation, the Manleys employed the law firm of Klemm, Blair, Sterling & Johnson ("Klemm, Blair"). Thus, the Manleys' complaint was signed by a Klemm, Blair associate, Elizabeth Melancon. Elizabeth Melancon is Jean Melancon's wife.

Claiming that the presence of spouse attorneys on opposite sides of the litigation created an irreconcilable conflict of interest, Fireman's Fund moved to disqualify Elizabeth Melancon and her law firm from further participation in the case. The trial court granted the motion, holding that the interests of Baldwin's and the Manleys were directly adverse and that the special circumstances of the case called for the disqualification of Elizabeth and her firm. On appeal, however, the Appellate Division reversed.[2] It concluded that Elizabeth Melancon's disqualification was unwarranted because she had fully complied with the relevant provisions of the Rules of Professional Conduct. It further held that, if Baldwin's was concerned about the situation, its only recourse was to discharge Jean. Fireman's Fund now timely appeals the Appellate Division's ruling.

## II.

Our jurisdiction extends to all final decisions of the Appellate Division of the District Court of Guam. 48 U.S.C. § 1424-3(c) (Supp. V 1987). We determine when an Appellate Division decision is "final" and therefore appealable by borrowing "the standard applied by the United States Supreme Court to test the finality of state court judgments pursuant to 28 U.S.C. § 1257." *Territory of Guam v. Kingsbury*, 649 F.2d 740, 742 (9th Cir.), *cert. denied*, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 210 (1981). Since *Kingsbury*, we have recognized that the analogy drawn to

---

1. Although Jean Melancon no longer works for the Carlsmith firm, this circuit has already denied the Manleys' motion to dismiss this appeal as moot. *See Manley v. Fireman's Fund Ins. Co.,* 860 F.2d 353 (9th Cir.1988).

2. Although we need not resolve the issue, we note that the Appellate Division appears proper-ly to have invoked Guam Civ.Proc.Code § 936.1 as the basis for its jurisdiction over this matter. *See Meehan v. Hopps,* 45 Cal.2d 213, 288 P.2d 267 (1955) (interpreting the California provision on which section 936.1 is based to allow interlocutory review of disqualification orders).

section 1257 is an imperfect one. *See, e.g., Kiaaina v. Jackson,* 851 F.2d 287, 289 (9th Cir.1988) (Supreme Court review of state court judgments "rests upon concerns for judicial efficiency, federalism, and comity. These concerns are only minimally relevant in our review of the Appellate Division of the District Court of Guam since we review local law questions as well as questions of federal law.") (per curiam). Nevertheless, the circuit appears to have worked out an adequate framework for applying the finality standard embodied in section 1257 to decisions of Guam's Appellate Division.

Accordingly, we will not, as a general matter, review an Appellate Division decision where further trial court proceedings are contemplated. *Id.* at 289; *see also Flynt v. Ohio,* 451 U.S. 619, 620, 101 S.Ct. 1958, 1959, 68 L.Ed.2d 489 (1981) ("the final-judgment rule has been interpreted 'to preclude reviewability ... where anything further remains to be determined by a state court, no matter how dissociated from the only federal issue that has finally been adjudicated by the highest court of the State'" (citation omitted)) (per curiam). We recognize only two limited exceptions to this general rule. First, interlocutory review is appropriate when "declining to entertain the appeal would preclude future review." *Kiaaina,* 851 F.2d at 290 (footnote omitted). Second, this circuit may address an appeal from the Appellate Division even though further proceedings are pending if the "policy issues involved are of such importance as to demand immedi-

ate review." *Id.* Neither of these conditions, however, is satisfied in the instant case.

In *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the Supreme Court held that a district court order denying a motion to disqualify counsel for the opposing party in a civil case is not immediately appealable pursuant to 28 U.S.C. § 1291 (1982). The Court reached this conclusion because it found that "an order denying disqualification is [not] 'effectively unreviewable on appeal from a final judgment.'" *Id.* at 376, 101 S.Ct. at 674. (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978)). To the contrary, an erroneous disqualification decision by the trial court can be remedied short of allowing interlocutory appeal because, should an appellate court "conclude after the trial has ended that permitting continuing representation was prejudicial error, it would retain its usual authority to vacate the judgment appealed from and order a new trial." *Id.* at 378, 101 S.Ct. at 675.[3]

Although the *Firestone* decision interprets section 1291 rather than section 1257, its analysis of the reviewability issue is directly relevant to the present case and leads us to the conclusion that the Appellate Division's disqualification order can be effectively reviewed upon final resolution of these proceedings in Guam Superior Court.[4] We are therefore unable to base

---

**3.** In fact, the Court reasoned that a post-trial assessment of the situation might often be preferable:

> An order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not. The propriety of the district court's denial of a disqualification motion will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally only after final judgment. The decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation of the case then at hand, and the order embodying such a decision will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits.

*Id.* at 377, 101 S.Ct. at 675.

**4.** Fireman's Fund claims that, should we refuse to review the disqualification question at this point, it will be barred by Guam law from bringing the matter before us in the future. We disagree. Fireman's Fund is clearly free to appeal the final judgment in this case, once one is obtained, to the Appellate Division. Although the law of the case may preclude the Appellate Division from reevaluating its disqualification decision, it cannot foreclose our review of the matter. *See Kiaaina,* 851 F.2d at 290. Rather, at that juncture, we will be able to determine all questions considered by the Appellate Division at any stage in the proceedings. *Compare Urie v. Thompson,* 337 U.S. 163, 172, 69 S.Ct. 1018, 1026, 93 L.Ed. 1282 (1949) ("[l]ocal rules of practice cannot bar this Court's independent consideration of all substantial federal ques-

our jurisdiction upon the unreviewability of the challenged order.

This circuit, however, recognizes an "important federal interest in the prompt and definitive resolution of significant issues of Guam law." *Territory of Guam v. Quinata,* 704 F.2d 1085, 1086 (9th Cir.1983). Thus, we will review Appellate Division decisions even though further proceedings are pending if the appeal presents an issue of such importance as to demand immediate review. *See Kiaaina,* 851 F.2d at 290. *Quinata,* which involved a challenge to the jurisdiction of Guam's juvenile court, appears to be the only case that has relied on this exception to establish jurisdiction. In contrast, several cases have refused to find jurisdiction where the issues involved were not sufficiently significant. *See, e.g., Kiaaina,* 851 F.2d at 290 (validity of unlicensed driver exclusion clauses in insurance contracts not significant where, "[a]lthough such clauses may be quite prevalent, nothing suggests they are often at issue, nor that they present questions of national importance"); *Territory of Guam v. Manibusan,* 729 F.2d 1236, 1238 (9th Cir.1984) (denial of motion to dismiss an indictment on sufficiency grounds not significant; court cannot say that postponement of review would "seriously erode federal policy"); *Territory of Guam v. Mafnas,* 721 F.2d 683, 687 (9th Cir.1983) (Appellate Division reversal of a suppression order not an appealable final order).

 There is nothing in the record in the instant case that suggests that the problem it presents—married attorneys representing clients with directly adverse interests—is often at issue in Guam. Further, it cannot seriously be argued that postponing review of the question until after trial will appreciably erode federal policy. Finally, this case does not present an issue of such national importance that immediate review is demanded.

In sum, we conclude that the Appellate Division's order in this case can be adequately reviewed after trial, making review

at this point unnecessary. We further hold that the issue of legal ethics here presented is not of such importance as to demand interlocutory treatment. We are therefore without jurisdiction to entertain the matter at this time and must dismiss.

DISMISSED.

---

tions actually determined in earlier stages of the litigation by the court whose final adjudication is brought here for review" (citations omitted));

*Hathorn v. Lovorn,* 457 U.S. 255, 261-62, 102 S.Ct. 2421, 2425-26, 72 L.Ed.2d 824 (1982) (same).