**EIE GUAM CORPORATION,**
Petitioner,

v.

**THE SUPREME COURT OF GUAM, Respondent.**

The Long–Term Credit Bank of Japan, Ltd., Real Party in Interest.

No. 98–71416.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 1999.

Decided Sept. 9, 1999.

Shirley M. Hufstedler, Morrison & Foerster, Los Angeles, California, for the petitioner.

Jaculin Aaron and William M. Burke, Shearman & Sterling, New York, New York, and G. Patrick Civille, Ching, Civille, Calvo & Tang, Hagatna, Guam, for the real party in interest.

Before: THOMAS G. NELSON, HAWKINS, and GRABER, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

EIE Guam Corporation ("EIE Guam") seeks certiorari review of a decision of the Supreme Court of Guam reversing the Guam Superior Court's summary judgment grant on a counterclaim filed by the Long–Term Credit Bank of Japan, Ltd. ("LTCB"). Review is sought of the Guam Supreme Court's holding, as a matter of Guam law, that an off-shore bank, without an office on Guam, entering into loans secured by Guam real property may maintain suit in the courts of Guam even if it has not complied with Guam's business licensing requirements. We deny the petition because we doubt that the decision here is final for purposes of review under 48 U.S.C. § 1424–2 and because, even if we were somehow able to construe the

decision as final, it is not one that we would overturn.

In 1995, EIE Guam filed a complaint in Guam Superior Court against LTCB, seeking to set aside mortgages and security interests related to the financing of a resort hotel, and alleging that the mortgages had been fraudulently executed in favor of LTCB.[1] EIE Guam also alleged that LTCB had refused to complete financial restructuring, or to extend the loans, although they were not in default. LTCB counterclaimed against EIE Guam seeking, among other relief, foreclosure on the mortgages securing a construction loan.

EIE Guam moved for summary judgment on LTCB's counterclaims, making the undisputed assertion that LTCB did not possess a Guam foreign corporation license, business license, or statement of exemption, and arguing that it was thus barred from maintaining suit in Guam under 18 G.C.A. § 7104.[2] The Superior Court of Guam granted the motion for summary judgment on this basis, dismissing the counterclaims. The dismissal of the counterclaims was certified as a final judgment, and LTCB perfected an appeal to the Guam Supreme Court.

After briefing and argument, the Guam Supreme Court reversed the summary judgment on the counterclaims, construing another provision of Guam law, 11 G.C.A. § 106730,[3] in holding that "[t]he banking laws addressing the conduct and activities of foreign banks do not require foreign banks, without offices on Guam, to obtain licenses [or exemptions], necessary for broader financial activities, in order to enter loans secured by Guam real property."

---

1. EIE Guam also sued several other banks, which are no longer parties to this suit.

2. 18 G.C.A. § 7104 provides:

 No foreign corporation or corporation formed, organized, or existing under any laws other than those of Guam shall be permitted to transact business in Guam or maintain by itself or assignee any suit for the recovery of any debt, claim, or demand whatever, unless it shall have the foreign

corporation license and certificate of registration prescribed in this Chapter.

3. 11 G.C.A. § 106730 provides:

 Nothing in this chapter shall be deemed to prohibit a foreign banking corporation which does not maintain an office in this Territory for the transaction of business from making loans in this Territory secured by mortgages on real property or from accepting assignments of mortgages covering real property situated in this Territory.

Thus, an off-shore bank engaging in transactions under 11 G.C.A. § 106730 would not be barred from maintaining suit in Guam by 18 G.C.A. § 7104, as such transactions are exempted from the licensing requirements.

EIE Guam then filed this petition for certiorari pursuant to 48 U.S.C. § 1424–2 and Circuit Rule 6–2.[4]

## I. Finality Required to Exercise Jurisdiction over the Petition.

Section 1424–2 grants to the Ninth Circuit "jurisdiction to review by writ of certiorari all final decisions of the highest court of Guam from which a decision could be had" for the first fifteen years following the establishment of the Supreme Court of Guam. 48 U.S.C. § 1424–2 (emphasis added). In a threshold challenge to this court's jurisdiction, LTCB argues that reversal of a grant of summary judgment is not a "final decision."

In 1981, we adopted the United States Supreme Court's analysis in *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975), to govern our determination of when a decision of the highest appellate court of Guam[5] is final, although further proceedings on the merits may remain. *See Guam v. Kingsbury*, 649 F.2d 740, 743 (9th Cir.1981) (adopting *Cox Broadcasting* and finding practical finality when an issue could not be raised in a later appeal). *Cox Broadcasting* elucidated four exceptions to strict finality in the similar circumstance of Supreme Court consideration of decisions by state courts in determining whether to exercise jurisdiction to review federal issues

under 28 U.S.C. § 1257, although further proceedings in state court remain.

Unlike the Supreme Court in its review of state court decisions, however, this circuit has authority to review not only federal issues, but also all issues of local law. *See* 48 U.S.C. § 1424–2. Because of this broad authority—which we held equally over the old Appellate Division system, as we do over the Guam Supreme Court—the *Cox Broadcasting* framework has not been a perfect fit. In tailoring *Cox Broadcasting*'s categories to fit our review, we have held that we will consider all issues—both federal and territorial—to be federal for *Cox Broadcasting* purposes. *See Kiaaina v. Jackson*, 851 F.2d 287, 289 (9th Cir. 1988).

The fourth *Cox Broadcasting* exception—which allows for jurisdiction in circumstances in which a federal issue has been decided, proceedings may lead to a decision on non-federal grounds, but determination of the federal issue would immediately resolve the case and delay would erode a federal policy, *see Cox Broadcasting*, 420 U.S. at 483, 95 S.Ct. 1029—is the only exception on which EIE Guam relies that we believe could establish finality in the circumstances of this case. We agree with EIE Guam that three of this exception's prongs have been met: the Supreme Court of Guam has decided the issue; proceedings on remand could lead to a decision on other grounds; and a reversal on the issue would immediately resolve the counterclaim, as LTCB would no longer be able to maintain suit.[6]

---

4. EIE Guam has challenged that portion of local Rule 6–2 that directs petitions for certiorari to motions panels for disposition, *see* Rule 6–2(f), as contrary to the Congressional intent behind § 1424–2 to have the Ninth Circuit exercise supervisory power over the Guam Supreme Court. Because this petition was referred to a merits panel, rather than a motions panel, we need not resolve the issue.

5. Before the Guam Supreme Court was established, the federal District Court of Guam had appellate jurisdiction over the Guam courts.

Appeals were heard by three judge panels, consisting of a district judge of Guam and two other judges serving on, or assigned to, the district court. *See* 48 U.S.C. § 1424–3. Review of decisions by those panels was by this Court.

6. Although resolution of the issue would resolve only the counterclaim, not the entire case, *Cox Broadcasting* speaks of the "relevant cause of action," rather than of the "case," in its discussion of exception four. *See Cox Broadcasting*, 420 U.S. at 483, 95 S.Ct. 1029.

■ We are uncertain, however, whether the final prong, the potential for delayed review of the issue to "seriously erode federal policy," *id.*, has been satisfied here. In evaluating this prong, we do consider the federal interest in final resolution of important issues of Guam law, *see Kiaaina*, 851 F.2d at 290. The proper focus of our inquiry, however, is on the significance of the issue of Guam or federal law, not on judicial economy and the advantages of a prompt resolution. *See id.; Guam v. Manibusan*, 729 F.2d 1236, 1238 (9th Cir.1984).

Here, the Guam Supreme Court held that the health, safety, and morals concerns that motivate the business licensing rules of Guam "are not implicated by lending of a foreign bank which is secured by in state property." EIE Guam argues that nonetheless this case presents an issue of statutory interpretation that is fundamentally important to Guam and to the national and international banking community that Guam relies on to build its future.

We have determined, in other contexts, that challenges to insurance policy exclusions, reversals of suppression orders in criminal cases, and denials of motions to dismiss indictments are all matters that " 'can await final judgment without any adverse effect' upon important federal or Guam interests" and that do not warrant the use of exception four for immediate resolution. *Kiaaina*, 851 F.2d at 291 (quoting *Flynt v. Ohio*, 451 U.S. 619, 622, 101 S.Ct. 1958, 68 L.Ed.2d 489 (1981)); *see*

*also Guam v. Mafnas*, 721 F.2d 683, 684–85 (9th Cir.1983); *Manibusan*, 729 F.2d at 1238. In those cases, we found either that the issue presented was itself not so significant as to warrant excusing finality, or that the countervailing policy concern against piecemeal determinations—especially in criminal cases—was stronger.

This is not to say that the requirements of *Cox Broadcasting's* exception four cannot be met. We have held previously, for example, that determining the boundaries of jurisdiction of the juvenile courts of Guam is an important enough policy interest to excuse finality. *See Guam v. Quinata*, 704 F.2d 1085, 1087 (9th Cir.1983). In *Wabol*, which involved the Northern Mariana Islands, we also excused complete finality, finding that determining the validity of restrictions on land purchases to those of Northern Mariana descent, in the face of an equal protection challenge, was a significant policy concern for the territory. *See Wabol v. Villacrusis*, 958 F.2d 1450, 1455 (9th Cir.1990). Although EIE Guam argues the Supreme Court of Guam's interpretation of the statute in this case raises the equal protection concerns present in *Wabol*, we cannot find that there is an issue of federal constitutional concern at stake here.[7]

Nonetheless, the question of statutory interpretation raised here seems to our eyes to be an issue of real importance to the economic future of Guam and its people. The arguments for and against juris-

---

**7.** EIE Guam's equal protection argument hinges on a reading of the decision below that LTCB was entitled to an exemption, unavailable to banks with offices on Guam, even though LTCB, without an office, was transacting a scope of business that went well beyond taking off-shore security interests in Guam real property. We read the decision more narrowly. To our eye, the Guam Supreme Court construed the statutory scheme of Guam's business and banking regulation, but made no determination that LTCB was, as a matter of law, entitled to an exemption. The court did not foreclose EIE Guam from offering facts on remand to prove that LTCB should be precluded from sheltering within section 106730.

We also disagree with EIE Guam's contention that the Guam Supreme Court erred by deciding questions of disputed fact. The Superior Court's decision found undisputed only the facts that the LTCB was a foreign bank, making loans secured by Guam property, and not possessing a license or exemption from a license. That court explicitly stated that it saw all other facts as still contested, but that these undisputed facts were conclusive of the LTCB's ability to maintain suit. Although the Supreme Court briefly recounted the apparent history of the litigation in its opinion, it made no factual findings. All facts beyond those decided by the Superior Court appear to be open to contest on remand.

diction are in equipoise. In this unusual circumstance, we will assume that we have jurisdiction without deciding that difficult issue, because our disposition of the petition for certiorari will be the same as it would if we were to hold that we lack jurisdiction.

## II. Exercise of Discretion to Grant Petition.

Even if our doubts about finality could be resolved, we do not see this as a case in which exercise of certiorari jurisdiction would be warranted.

 EIE Guam attacks the Guam Supreme Court's interpretation of 11 G.C.A. § 106730, arguing that, even if section 106730 exempts off-shore banks taking security interests in real property from some regulation because of its "nothing in this chapter" language, as the business licensing requirements are not contained in Chapter Seven, they continue to apply to such banks. The Guam Supreme Court's interpretation of the interplay of the various Guamanian statutes, however, offers a well-crafted analysis of the laws. The court explains in a thorough review of the overall statutory scheme and analysis of legislative purpose why the "nothing in this chapter" limitation of section 106730 does not leave foreign banks, operating under section 106730, subject to licensing under other chapters. The court's observation of the absence in section 106730 of language requiring compliance with Guam law generally, as compared to the otherwise parallel section 106731 that does require such compliance, buttresses their interpretation.[8]

This is an issue of local statutory interpretation, implicating no federal statutory or constitutional issue. Although Congress certainly has given us jurisdiction to review issues of local Guam law, we hesitate to use this authority where, on the

merits, the Guam Supreme Court appears to have construed a Guam statute reasonably and fairly. Exercising our discretionary certiorari power here would undercut Congress's intent to allow Guam to develop its own, independent institutions. Moreover, as this is an issue of territorial law, the Guamanian legislature's ability to amend the statutes of Guam would seem a more than sufficient check on the Guam Supreme Court if, in the eyes of Guam's elected representatives, it had construed the statutory scheme contrary to the public policy of Guam.

The petition for certiorari is DENIED. All pending motions are DENIED.

---

8. EIE Guam also attacks the Guam Supreme Court's reliance on *Sondeno v. Union Commerce Bank*, 71 Cal.App.3d 391, 139 Cal.Rptr. 229 (1977). However, this circuit recognizes that, even when California law does not bind the interpretation of Guam statutes, it remains persuasive authority. *See Phoenix Eng'g and Supply, Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir.1997).