FLYNT ET AL. *v.* OHIO

No. 80–420.   Argued March 24, 1981—Decided May 18, 1981

*Herald Price Fahringer* argued the cause and filed briefs for petitioners.

*Bruce A. Taylor* argued the cause for respondent.   With him on the brief was *Jose Feliciano.*

*Andrew J. Levander* argued the cause *pro hac vice* for the United States as *amicus curiae* urging affirmance.   With him on the brief were *Solicitor General McCree* and *Acting Assistant Attorney General Keeney.*

Per Curiam.

On July 14, 1976, criminal complaints were issued against petitioners charging them with disseminating obscenity in violation of Ohio Rev. Code Ann. § 2907.32 (1975). The Municipal Court granted petitioners' motions to dismiss the complaints on the ground that petitioners had been subjected to selective and discriminatory prosecution in violation of the Equal Protection Clause of the Fourteenth Amendment. The Court of Appeals of Ohio reversed, finding the evidence insufficient to support petitioners' allegations of selective and discriminatory prosecution. The case was remanded for trial. The Ohio Supreme Court affirmed. 63 Ohio St. 2d 132, 407 N. E. 2d 15 (1980). We granted certiorari. 449 U. S. 1033 (1980). Because the decision of the Ohio Supreme Court was not a final judgment within the meaning of 28 U. S. C. § 1257, we dismiss the writ for want of jurisdiction.

Consistent with the relevant jurisdictional statute, 28 U. S. C. § 1257, the Court's jurisdiction to review a state-court decision is generally limited to a final judgment rendered by the highest court of the State in which decision may be had. *Cox Broadcasting Corp.* v. *Cohn,* 420 U. S. 469, 476–477 (1975). In general, the final-judgment rule has been interpreted "to preclude reviewability . . . where anything further remains to be determined by a State court, no matter how dissociated from the only federal issue that has finally been adjudicated by the highest court of the State." *Radio Station WOW, Inc.* v. *Johnson,* 326 U. S. 120, 124 (1945). Applied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence. *Parr* v. *United States,* 351 U. S. 513, 518 (1956); *Berman* v. *United States,* 302 U. S. 211, 212 (1937); see also *Whitus* v. *Georgia,* 385 U. S. 545, 547 (1967). Here there has been no finding of guilt and no sentence imposed.

The Court has, however, in certain circumstances, treated state-court judgments as final for jurisdictional purposes al-

though there were further proceedings to take place in the state court. Cases of this kind were divided into four categories in *Cox Broadcasting Corp.* v. *Cohn, supra,* and each category was described. We do not think that the decision of the Ohio Supreme Court is a final judgment within any of the four exceptions indentified in *Cox.*

In the first place, we observed in *Cox* that in most, if not all, of the cases falling within the four exceptions, not only was there a final judgment on the federal issue for purposes of state-court proceedings, but also there were no other federal issues to be resolved. There was thus no probability of piecemeal review with respect to federal issues. Here, it appears that other federal issues will be involved in the trial court, such as whether or not the publication at issue is obscene.

Second, it is not even arguable that the judgment involved here falls within any of the first three categories identified in the *Cox* opinion, and the argument that it is within the fourth category, although not frivolous, is unsound. The cases falling within the fourth exception were described as those situations:

> "[w]here the federal issue has been finally decided in the state courts with further proceedings pending in which the party seeking review here might prevail on the merits on nonfederal grounds, thus rendering unnecessary review of the federal issue by this Court, and where reversal of the state court on the federal issue would be preclusive of any further litigation on the relevant cause of action rather than merely controlling the nature and character of, or determining the admissibility of evidence in, the state proceedings still to come. In these circumstances, if a refusal immediately to review the state-court decision might seriously erode federal policy, the Court has entertained and decided the federal issue, which itself has been finally determined by the state

courts for purposes of the state litigation." 420 U. S., at 482–483.

Here, it is apparent that if we reversed the judgment of the Ohio Supreme Court on the federal defense of selective enforcement, there would be no further proceedings in the state courts in this case. But the question remains whether delaying review until petitioners are convicted, if they are, would seriously erode federal policy within the meaning of our prior cases. We are quite sure that this would not be the case and that we do not have a final judgment before us.

The cases which the *Cox* opinion listed as falling in the fourth category involved identifiable federal statutory or constitutional policies which would have been undermined by the continuation of the litigation in the state courts. *Miami Herald Publishing Co.* v. *Tornillo,* 418 U. S. 241 (1974); *Mercantile National Bank* v. *Langdeau,* 371 U. S. 555 (1963); *Construction Laborers* v. *Curry,* 371 U. S. 542 (1963). Here there is no identifiable federal policy that will suffer if the state criminal proceeding goes forward. The question presented for review is whether on this record the decision to prosecute petitioners was selective or discriminatory in violation of the Equal Protection Clause. The resolution of this question can await final judgment without any adverse effect upon important federal interests. A contrary conclusion would permit the fourth exception to swallow the rule. Any federal issue finally decided on an interlocutory appeal in the state courts would qualify for immediate review. That this case involves an obscenity prosecution does not alter the conclusion. Obscene material, properly defined, is beyond the protection of the First Amendment. *Miller* v. *California,* 413 U. S. 15, 23–24 (1973). As this case comes to us, we are confronted only with a state effort to prosecute an unprotected activity, the dissemination of obscenity. The obscenity issue has not yet been decided in the state courts, and no federal policy bars a trial on that question. There is no

reason to treat this selective prosecution claim differently than we would treat any other claim of selective prosecution. Accordingly, the writ is dismissed for want of jurisdiction.

*So ordered.*

JUSTICE STEWART, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

I believe that a criminal trial of the petitioners under this Ohio obscenity law will violate the Constitution of the United States. See, *e. g., Wood* v. *Georgia,* 450 U. S. 261, 275 (opinion of BRENNAN, J.); *ibid.* (opinion of STEWART, J.); *Sewell* v. *Georgia,* 435 U. S. 982, 988 (dissenting opinion); *Splawn* v. *California,* 431 U. S. 595, 602 (STEWART, J., dissenting). It is clear to me, therefore, that "identifiable . . . constitutional polic[y]" will be "undermined by the continuation of the litigation in the state courts." *Ante,* at 622.

Accordingly, I think that under the very criteria discussed in the opinion of the Court, the judgment before us is "final for jurisdictional purposes." *Ante,* at 620. Believing that the Ohio trial court acted correctly in dismissing the complaints, and that the state appellate courts were in error in overturning that dismissal, I would reverse the judgment.

JUSTICE STEVENS, dissenting.

The decision of a federal question by the highest court of the State is final within the meaning of 28 U. S. C. § 1257 "if a refusal immediately to review the state-court decision might seriously erode federal policy." *Cox Broadcasting Corp.* v. *Cohn,* 420 U. S. 469, 483. In the Court's view, this ground does not support reviewability in this case because the Court can discern "no identifiable federal policy that will suffer if the state criminal proceeding goes forward." *Ante,* at 622. In my opinion, the interest in protecting magazine publishers from being prosecuted criminally because state officials or their constituents are offended by the content of an admittedly

nonobscene political cartoon is not merely "an identifiable federal policy"; it is the kind of interest that motivated the adoption of the First Amendment to the United States Constitution.

Petitioners publish Hustler, a national magazine. The trial court dismissed the criminal complaint against them after hearing evidence tending to establish that Ohio's decision to bring this prosecution was motivated by hostility to a political cartoon that is constitutionally indistinguishable from the rather trite depiction held to be protected by the First Amendment in *Papish* v. *University of Missouri Curators*, 410 U. S. 667. The Ohio Court of Appeals reversed, and that court's decision was affirmed by the Supreme Court of Ohio over the dissent of Justice Brown.

Because the Court has decided today to dismiss the writ of certiorari for want of jurisdiction, I will not comment on the merits beyond indicating that they concern the standards that a court must apply in determining whether an exercise of prosecutorial discretion has been based on an impermissible criterion such as race, religion, or the exercise of First Amendment rights. Because I place a high value on the federal interest in preventing such prosecutions and because the reinstatement of this criminal complaint may seriously erode that federal interest, I respectfully dissent.