# BLAINE WILSON SMILEY v. STATE OF MARYLAND

[No. 140, September Term, 1981.]

*Decided October 7, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Richard J. Guth,* with whom were *Guth & Guth* on the brief, for appellant.

*Jane E. Pilliod, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

In 1971, by Chapter 494 of the Laws of Maryland, the legislature added a new section to Article 27 of the Annotated Code of Maryland designated as §§ 416A — 416G and entitled "Nudity and Sexual Displays." In pertinent part, it provides by section 416D that:

> "(a) any person, firm or corporation is guilty of a misdemeanor if it knowingly displays for advertising purposes any picture, photograph, drawing, sculpture or other visual representation or image of a person or portion of the human body that depicts sadomasochistic abuse, sexual conduct or sexual excitement, or any verbal description or narrative account of these activities or items."

Sexual conduct is defined in section 416A (d) as meaning:

> "human masturbation, sexual intercourse, or any touching of or contact with the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex, or between humans and animals."

Until now, we have not been confronted with a case involving these sections. What gives rise to this appeal is the conviction of Blaine Wilson Smiley, the appellant, by a jury in the Circuit Court for Charles County, for a violation of section 416D because he caused to be displayed, in an "adult" book store that he managed, pictures patently proscribed in this section. On appeal, Smiley argues (1) that section 416D is unconstitutional because it lacks the guidelines for the trier of fact to consider required by *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); (2) that section 416D is overbroad and vague because it prohibits speech protected by the First Amendment, "as well as outlawing many forms of advertising which are offensive to a valid

public interest"; and (3) that the trial court erred in refusing to instruct the jury that they were the judges of the law as well as of the facts.

## I

The appellant first argues that the statute is unconstitutional because it does not embody the protections required by *Miller v. California, supra.* There, the Supreme Court held that

"State statutes designed to regulate obscene materials must be carefully limited. . . . As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, *as written or authoritatively construed.* A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." *Id.* at 23-24, 93 S.Ct. at 2614-15, 37 L.Ed.2d at 430-31 (citation and footnote omitted) (emphasis supplied).

In determining whether section 416D is constitutional under *Miller,* we must determine the intent of the legislature in enacting this statute by not only examining its language, but also by construing together and harmonizing all statutory provisions relating to the same subject matter, as well as considering the statute's purpose. *See Montgomery v. State,* 292 Md. 155, 159, 438 A.2d 490, 491 (1981) (citing cases). In *Sanza v. Maryland Board of Censors,* 245 Md. 319, 226 A.2d 317 (1967), we held that the movie censorship statute in effect at that time, Maryland Code (1957, 1966 Cum. Supp.) Article 66A, § 19, applied only to commercial viewings of films, even though the statute did not explicitly impose such a restriction. In so holding, we stated that:

"This language of the Act, in our opinion, calls for

construction, and when there is occasion for construction, the Court, in determining legislative intent, will consider not only the literal meaning of the words 'but their meaning and effect considered in the light of the setting, the objectives and purposes of the enactment, and the consequences that may result from one meaning rather than another * * * with the real legislative intent prevailing over literal intent.' . . . '[T]he construction should be in harmony with the manifest intent of the act and should not lead to an absurdity.' " *Id.* at 340, 226 A.2d at 328 (citations omitted).

We think that section 416D also calls for construction. It is one of seven sections collectively titled "Nudity and Sexual Displays" enacted in 1971 by Chapter 494 of the Laws of Maryland. An examination of these seven sections evidences an intent to prohibit the sale or exhibition to minors of materials depicting sexual conduct, sexual excitement, or sadomasochistic abuse. Section 416D is the only section that is not specifically directed towards minors. We conclude that the legislature, in enacting this section was broadly prohibiting advertising depicting obscenity. As such, section 416D thus embodies the latest Supreme Court definition of obscenity. *See Mangum v. Maryland State Board of Censors,* 273 Md. 176, 328 A.2d 283 (1974).[1] In *Mangum,* we stated that "This Court has consistently applied the definition of 'obscenity' set forth in the most recent Supreme Court cases [to the movie censorship statute's prohibition of 'obscenity']." *Id.* at 191, 328 A.2d at 291 (citing cases). Therefore, the jury in the case *sub judice* should have been instructed according to the *Miller* guidelines, i.e., that to be unprotected under the First Amend-

---

1. The Supreme Court recently held "that the States are entitled to greater leeway in the regulation of pornographic depictions of children [ ]" because, among other reasons, "a state's interest in 'safeguarding the physical and psychological well being of a minor' is 'compelling.' " *See* New York v. Ferber, U.S. 102 S.Ct. 3348, 3354, 73 L.Ed.2d 1113, 1122 (1982). In our view, the statute involved in the present case would also embody the principle announced in *Ferber.*

ment the advertisement must appeal to the prurient interest in sex, portray sex in a patently offensive way and, taken as a whole, not have serious literary, artistic, political, or scientific value. *See Miller, supra.* Because the jury was not so instructed, we will remand the case to the circuit court for a retrial consistent with this part of our opinion.

## II

The appellant also argues that section 416D is vague and overbroad. In response, the State contends, first, that the appellant lacks standing to raise this issue and, second, that the statute is not overbroad. As to the argument on the merits, the State asserts that when section 416D is read in conjunction with section 416A, it is clear that advertising depicting certain kinds of sexual activities is prohibited. In view of our discussion regarding the first issue raised by the appellant, we find it unnecessary to address this issue, regardless of whether or not the appellant has standing. When the *Miller* standards are embodied in section 416D, it becomes patent that the statute is not overbroad and vague. By requiring compliance with the *Miller* standards, "a person of ordinary intelligence [is given] fair notice that his contemplated conduct is forbidden by the statute," and the statute is not "so indefinite that 'it encourages arbitrary and erratic arrests and convictions [.]' " *Colautti v. Franklin,* 439 U.S. 379, 390, 99 S.Ct. 675, 683, 58 L.Ed.2d 596, 606 (1979). Moreover, by encompassing the *Miller* standards, section 416D is " 'not substantially overbroad and whatever overbreadth exists should be cured through case-by-case analysis of the fact situations to which its sanctions assertedly, may not be applied.' " *Ferber, supra,*    U.S. at    , 102 S.Ct. at 3363, 73 L.Ed.2d at 1133, quoting *Broderick v. Oklahoma,* 413 U.S. 601, 615-616, 93 S.Ct. 2908, 2918, 37 L.Ed.2d 830, 842 (1973).

## III

The last argument raised by the appellant is that the trial judge refused to instruct the jury that they were the judges

of the law as well as of the facts, as required by Article 23 of the Declaration of Rights and Md. Rule 757 b. We perceive no error in the court's instructions because, as *Montgomery v. State,* 292 Md. 84, 437 A.2d 654 (1981), makes clear, that provision only applies when there is a sound dispute as to the proper interpretation of the law of the crime. *Id.* at 90, 437 A.2d at 657. In all other circumstances, the court's instructions to the jury are binding. *Id.* There was no dispute below as to the law of the crime and appellant raises none now. Because the retrial may involve different legal issues, however, we can only advise the trial judge to follow the law in this respect as set forth in *Stevenson v. State,* 289 Md. 167, 423 A.2d 558 (1980), and *Montgomery v. State, supra.*

> *Judgment reversed.*
> *Case remanded for a new trial.*
> *Costs to abide the result.*