### STATE OF MARYLAND *v.* RANDALL BOOK CORPORATION t/a Rye Book Store

[No. 238, September Term, 1982.]

*Decided November 8, 1982.*

The cause was argued before MORTON, LOWE and ADKINS, JJ.

*Maureen O'Ferrall Gardner, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Anthony R. Gallagher, Assistant State's Attorney for Baltimore County,* on the brief, for appellant.

*David N. Kuryk* for appellee.

LOWE, J., delivered the opinion of the Court.

Judge Cullen H. Hormes for the Circuit Court for Baltimore County granted Randall Book Corporation's motion to dismiss charging documents alleging 252 violations of Md. Ann. Code, Art. 27, § 416D, which created the crime of advertising the human body depicting sadomasochistic abuse, sexual conduct or sexual excitement. When that section was enacted,[1] the Legislature, for reasons unbeknownst to us, first added to the original bill,[2] then struck from it, an additional prerequisite to conviction that such depictions be "obscene".[3] Although the myriad judicial guidelines for gleaning legislative intent are of little help

---

1. 1971 Md. Laws Ch. 494.
2. 1971 Sess. S. B. 798, sponsored by State Senators Pascal, Lipin, McGuirk, Wilson, Thomas, Stone, Bauman and Bozick.
3. The words "AND WHICH IS OBSCENE" were added by amendment of the Judicial Proceedings Committee in the Senate and deleted by the Environmental Matters Committee of the House of Delegates.

> "(a) Any person, firm or corporation is guilty of a misdemeanor if it knowingly displays for advertising purposes any picture, photograph, drawing, sculpture or other visual representation or image of a person or portion of the human body that depicts [nudity,] sadomasochistic abuse, sexual conduct or sexual excitement, or any verbal description or narrative account of these activities or items [AND WHICH IS OBSCENE]."

The original act also included "nudity" as a proscribed condition for advertising purposes. That was deleted by an amendment from the floor of the House. This amendment is not relevant to our inquiry.

here, it is clear that the Legislature was cognizant of obscenity, if not as preoccupied with it as was the Supreme Court during that era. We can only surmise, if not conclude, that the Supreme Court's admitted frustration in attempting to define obscenity for First Amendment purposes [4] suggested the removal of the controversial term in a vain hope of avoiding that constitutional charybdis.

Because the definitions of the proscribed depictions (especially "sadomasochistic abuse"), absent the limiting descriptive adjective "obscene", were read on their face as vague and overbroad,[5] Judge Hormes declared the statute unconstitutional, and dismissed the charges against Randall. He pointed out that:

> "The objectionable sections of the statutes under the heading 'Nudity and Sexual Displays' are definitions in Art. 27, Sec. 416A, most particularly (c) and (e). The definition of sadomasochistic abuse is broad, going beyond the association of sexual satisfaction with the infliction of pain on others or the receipt of abuse or physical pain to the extent that it would include one who is clothed and bound or physically restrained.

---

4. Two years later in 1973, Chief Justice Burger reviewed in Miller v. California, 413 U.S. 15, 20, some of the "tortured history of the Court's obscenity decisions", which dissenting Justice Douglas agreed in that respect at least, that "Obscenity — which even we cannot define with precision — is a hodgepodge." Id. at 43.

5. Md. Ann. Code, art. 27, § 416A, Definitions, reads in pertinent part:

"...

(c) Sadomasochistic abuse means flagellation or torture by or upon a human who is nude, or clad in undergarments, or in a revealing or bizarre costume, or the condition of one who is nude or so clothed and is being fettered, bound, or otherwise physically restrained.

(d) Sexual conduct means human masturbation, sexual intercourse, or any touching of or contact with the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex, or between humans and animals.

(e) Sexual excitement means the condition of human male or female genitals, or the breasts of the female, when in a state of sexual stimulation, or the sensual experiences of humans engaging in or witnessing sexual conduct or nudity."

It would appear literally that any religious publication portraying the Crucifixion on its cover would be in violation of the law. What about a cover portraying the fettered young Hardy boy and his girl classmate in a novel entitled 'Kidnapped at Cape Cod'?

Even the term 'sexual conduct' is too broad. The portrayal in a medical text of the self examination of one's breast could be considered '. . . touching of . . . the breasts of the female . . .' under Sec. 416A. Therefore, it is ORDERED, that the indictments of Randall Book Corporation T/A Rye Book Store in cases number 75585, 75586 and 75587 are DISMISSED because of the unconstitutional vagueness or overbreadth in Art. 27, Sec. 416A."

Pursuant to its limited authority to appeal, Md. Cts. & Jud. Proc. Code Ann., § 12-302 (c) (1) (1980 Repl. Vol.), the State promptly took advantage of the opportunity.

Prior thereto, the Court of Appeals had decided to review a conviction under the same statute. In the brief opinion of *Blaine Wilson Smiley v. State,* 294 Md. 461 (1982), practical in result if frugal in explanation, the Court of Appeals declared that "the legislature, in enacting this section was broadly prohibiting advertising depicting obscenity." By doing so, the Court could then look to the guidelines of *Miller v. California,* 413 U.S. 15, 20 (1973), which, despite the Supreme Court's dilemma in this field, did "categorically settle" — "that obscene material" (whatever that means) "is unprotected by the First Amendment." *Id.* at 23.

*Smiley* substantially narrowed the breadth of the definitions disturbing Judge Hormes. While he was poignantly correct in suggesting that the Crucifix depicted sadomasochism, as apparently defined absent the unseen adjective, no "reasonable person" would classify it as "obscenely" sadomasochistic when that legislative purpose is read into it. Such was the test the Court of Appeals drew from *Colautti v. Franklin,* 439 U.S. 379, 390 (1979), to determine whether the statute was "so indefinite that 'it encour-

ages arbitrary and erratic arrests and convictions.'" As pragmatically limited it now gives fair notice to persons of "ordinary intelligence" what contemplated conduct may be forbidden by the statute. *Smiley, supra.* Without the depiction being obscene it would be absurd to believe that the General Assembly intended to curtail advertising of a religious symbol, or even an innocuous novel, such as pointed out by Judge Hormes. Such absurd implications of legislative intent are not available to us when interpreting statutes. *State v. Fabritz,* 276 Md. 416, 421-422 (1975).

By imposing upon the Legislature its obscured but necessary intent to proscribe obscenity, and by "authoritatively construing" the Act as limited by the *Miller v. California* restrictive guidelines, *id.* at 23-24, the Court of Appeals declared the statute in question to be constitutional. We are bound by that opinion and need address the constitutional arguments presented in this case no further. We will reverse the judgment of the trial court and remand for further proceedings.

The trial judge chose, in his opinion, to address the motion to suppress the evidence seized pursuant to a search warrant consisting of over 700 offenses. The motion was predicated upon a lack of probable cause and an alleged improper particularization causing the seizure to be unreasonable. The judge declared that probable cause sufficed and that the items were reasonably particularized.

Randall Book Corporation filed a cross-appeal when the State appealed the dismissal. We know of no authority for the cross-appellant to do on cross-appeal what it cannot do on direct appeal, *i.e.,* appeal the denial of a motion to suppress, absent a judgment of conviction. We will, therefore, dismiss the cross-appeal *sua sponte.*

> *Judgment reversed.*
> *Case remanded for further proceedings.*
> *Cross-appeal dismissed.*
> *Costs to be paid by appellee-cross-appellant.*