No. 82–1718.  RANDALL BOOK CORP. *v.* MARYLAND.  Ct. Sp. App. Md.  Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Petitioner was charged with violating Md. Ann. Code, Art. 27, § 416D (1982), which makes a person or firm guilty of a misdemeanor "if it knowingly displays for advertising purposes any picture, photograph, drawing, sculpture or other visual representation or image of a person or portion of the human body that depicts sadomasochistic abuse, sexual conduct or sexual excitement, or any verbal description or narrative account of these activities or items."  The Circuit Court for Baltimore County dismissed the charges, concluding that the statute was unconstitutionally vague and overbroad.

On the State's appeal, the Maryland Court of Special Appeals reversed.  53 Md. App. 30, 452 A. 2d 187 (1982).  The court, relying on *Smiley* v. *State*, 294 Md. 461, 450 A. 2d 909 (1982), concluded that the statute is constitutional and remanded to the trial court for further proceedings.  In *Smiley*, the Maryland Court of Appeals construed the statute to prohibit only "obscene material," which this Court has held is unprotected by the First Amendment.  See *Miller* v. *California*, 413 U. S. 15, 23 (1973).

In my view, the statute is unconstitutional on its face, notwithstanding the state court's limiting construction.  I continue to believe that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents."  *Paris Adult Theatre I* v. *Slaton*, 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting).  See also *New York* v. *Ferber*, 458 U. S. 747, 775–777 (1982) (BRENNAN, J., concurring in judgment).

Since a criminal trial of petitioner under this statute will in my view violate the Constitution of the United States, it is clear that "identifiable . . . constitutional polic[y]" will be "undermined by the continuation of the litigation in the state courts."  See *Flynt* v. *Ohio*, 451 U. S. 619, 623 (1981) (Stewart, J., dissenting); *id.*, at 623–624 (STEVENS, J., dissenting).  Accordingly, the decision below is final within the meaning of 28 U. S. C. § 1257, and we

have jurisdiction to review it. *Cox Broadcasting Corp.* v. *Cohn,* 420 U. S. 469, 483 (1975).

I would therefore grant certiorari, vacate the judgment of the Court of Special Appeals, and reinstate the dismissal of the indictment.