## JOHNSON *v.* CALIFORNIA

No. 03–6539.   Argued March 30, 2004—Decided May 3, 2004

*Stephen B. Bedrick,* by appointment of the Court, 540 U. S. 1102, argued the cause for petitioner. With him on the briefs was *Eric Schnapper.*

*Seth K. Schalit,* Supervising Deputy Attorney General of California, argued the cause for respondent. With him on the brief were *Bill Lockyer,* Attorney General, *Manuel Me-*

*deiros,* State Solicitor General, *Robert R. Anderson,* Chief Assistant Attorney General, *Gerald A. Engler,* Senior Assistant Attorney General, and *Laurence K. Sullivan,* Supervising Deputy Attorney General.*

PER CURIAM.

We granted certiorari in this case to review a decision of the Supreme Court of California interpreting *Batson* v. *Kentucky,* 476 U. S. 79 (1986). 540 U. S. 1045 (2003). The case was briefed and argued, but we now conclude that we are without jurisdiction in the matter.

The California Supreme Court reversed the California Court of Appeal's decision reversing petitioner's conviction. 30 Cal. 4th 1302, 71 P. 3d 270 (2003). The Court of Appeal held that petitioner was entitled to relief under *People* v. *Wheeler,* 22 Cal. 3d 258, 583 P. 2d 748 (1978), and *Batson* v. *Kentucky, supra.* 105 Cal. Rptr. 2d 727 (2001). It also noted petitioner's separate evidentiary and prosecutorial misconduct claims, App. 87, but did not determine whether those claims would independently support reversal of petitioner's conviction. The California Supreme Court addressed only the *Wheeler/Batson* claim, and, after reversing on that ground, remanded "for further proceedings consistent with [its] opinion." 30 Cal. 4th, at 1328, 71 P. 3d, at 287.

Under 28 U. S. C. § 1257, our jurisdiction is limited to review of "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." In *Cox Broadcasting Corp.* v. *Cohn,* 420 U. S. 469 (1975), we described four exceptional categories of cases to be regarded

---

*A brief of *amici curiae* urging reversal was filed for the NAACP Legal Defense and Educational Fund, Inc., et al. by *Elaine R. Jones, Theodore M. Shaw, Norman J. Chachkin, Miriam Gohara, Christina A. Swarns, Steven R. Shapiro, Alan L. Schlosser, David M. Porter, Barbara R. Arnwine, Thomas J. Henderson, Michael L. Foreman, Audrey Wiggins, Sarah Crawford,* and *Barry Sullivan.*

A brief of *amicus curiae* urging affirmance was filed for the Criminal Justice Legal Foundation by *Kent S. Scheidegger* and *Charles L. Hobson.*

as "final" on the federal issue despite the ordering of further proceedings in the lower state courts. In a post-oral-argument supplemental brief, petitioner argues that the fourth of these categories fits this case. That category involves situations

> "where the federal issue has been finally decided in the state courts with further proceedings pending in which the party seeking review here might prevail on the merits on nonfederal grounds, thus rendering unnecessary review of the federal issue by this Court, and where reversal of the state court on the federal issue would be preclusive of any further litigation on the relevant cause of action rather than merely controlling the nature and character of, or determining the admissibility of evidence in, the state proceedings still to come. In these circumstances, if a refusal immediately to review the state-court decision might seriously erode federal policy, the Court has entertained and decided the federal issue, which itself has been finally determined by the state courts for purposes of the state litigation." *Id.*, at 482–483.

Here, petitioner can make no convincing claim of erosion of federal policy that is not common to all decisions rejecting a defendant's *Batson* claim. The fourth category therefore does not apply. See *Florida* v. *Thomas*, 532 U. S. 774, 780 (2001). "A contrary conclusion would permit the fourth exception to swallow the rule." *Flynt* v. *Ohio*, 451 U. S. 619, 622 (1981) *(per curiam)*.

The present case comes closest to fitting in the third *Cox* category, but ultimately falls outside of it. That category involves "those situations where the federal claim has been finally decided, with further proceedings on the merits in the state courts to come, but in which later review of the federal issue cannot be had, whatever the ultimate outcome of the case." *Cox, supra*, at 481. In the event that the California

Court of Appeal on remand affirms the judgment of conviction, petitioner could once more seek review of his *Batson* claim in the Supreme Court of California—albeit unsuccessfully—and then seek certiorari on that claim from this Court.

Compliance with the provisions of § 1257 is an essential prerequisite to our deciding the merits of a case brought here under that section. It is our obligation to raise any question of such compliance on our own motion, even though counsel has not called our attention to it. See, *e. g.*, *Mansfield, C. & L. M. R. Co.* v. *Swan*, 111 U. S. 379, 384 (1884). But as the present case illustrates, we are not always successful in policing this gatekeeping function without the aid of counsel.

Part of the problem was that the California Court of Appeal's decision was certified by that court for partial publication. It addressed the *Wheeler/Batson* claim in the published portion. 105 Cal. Rptr. 2d 727 (2001). In the unpublished portion, the court briefly addressed petitioner's evidentiary claims to provide guidance for the trial court on retrial, and noted that it would not address whether petitioner's objections were properly preserved or consider petitioner's prosecutorial misconduct claim. App. 58. Petitioner appended only the published portion of the California Court of Appeal's decision to his petition for a writ of certiorari. This Court's Rule 14.1(i) instructs petitioners to include, *inter alia*, any "relevant opinions . . . entered in the case" in the appendix to the petition for certiorari. The full opinion of the California Court of Appeal was not filed in this Court until the joint appendix to the briefs on the merits was filed. App. 58–112. Had the full opinion been brought to this Court's attention, it might have been more evident to us that the Supreme Court of California's decision was not final for the purposes of § 1257.

A petition for certiorari must demonstrate to this Court that it has jurisdiction to review the judgment. This Court's Rule 14.1(g). And a respondent has a duty to "address any perceived misstatement of fact or law in the peti-

tion that bears on what issues properly would be before the Court if certiorari were granted." Rule 15.2. Our Rules also require that each party provide a statement for the basis of our jurisdiction in its brief on the merits. Rule 24.1(e). At all stages in this case, both parties represented that our jurisdiction was proper pursuant to § 1257(a). Pet. for Cert. 1; Brief in Support 1; Brief for Petitioner 1; Brief for Respondent 1.

It behooves counsel for both petitioner and respondent to assure themselves that the decision for which review is sought is indeed a "[f]inal judgmen[t]" under § 1257. Such attention is mandated by our Rules and will avoid the expenditure of resources of both counsel and of this Court on an abortive proceeding such as the present one.

We dismiss the case for want of jurisdiction.

*It is so ordered.*